# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO ALEJANDRO, | CASE NO. CV F 06-0449 OWW LJO |
| Plaintiff, | **ORDER TO DISMISS COMPLAINT** |
| vs. | |
| JASON WILLIAMSON #876, et al., | |
| Defendants. | |

## BACKGROUND

Plaintiff Mauro Alejandro ("plaintiff") is incarcerated and proceeds pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983 ("section 1983"). Plaintiff proceeds with a form complaint ("complaint") to name as defendants Bakersfield Police Officers Jason Williamson and Aaron Stringer and California Highway Patrol officers identified as #16947 Ahse and #14770 Fallas (collectively "defendants"). The complaint appears to allege that after his November 20, 2005 arrest, plaintiff received medical attention. The complaint makes vague references to a "history of arrests," "a target for possible excessive force," and "excessively striking the individual 'simultaneously' with batons." The complaint fails to distinguish plaintiff was subject to batons or witnessed another person

1

1  subject to batons.

## DISCUSSION

### Standards For Screening

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court must dismiss a complaint, or portion thereof, which "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) and (2). Moreover, "[a] trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

Since plaintiff proceeds in forma pauperis, this Court, notwithstanding any filing fee that may have been paid, shall dismiss a case at any time if the Court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e); 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial (2006) Attacking the Pleadings, para. 9:226.1, pp. 9-69. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992).

A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke,* 490 U.S. at 325; *Franklin*, 745 F.2d at 1227-1228. A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v.*

1  *Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss a case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

A complaint, or portion thereof, may be dismissed for failure to state a claim if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). "[W]hen a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheurer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 1688 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

As further explained below, the complaint demonstrates plaintiff is entitled to offer no evidence for its vague, unsupportable claims.

### The Complaint's General Deficiencies

F.R.Civ.P. 8 establishes general pleading rules and provides in pertinent part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . .
>
> (e)   Pleading to be Concise and Direct; Consistency.

1         (1)    Each averment of a pleading shall be simple, concise and direct.

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103 (1957); *Yamaguchi v. United States Dept. of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). Although a complaint need not outline all elements of a claim, "[i]t must be possible . . . for an inference to be drawn that these elements exist." *Walker v. South Cent. Bell Telephone Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Lewis v. ACB Business Service, Inc.*, 135 F.3d 389, 405-406 (6th Cir. 1998).

Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649. Here, the complaint fails to comply with F.R.Civ.P. 8(a)(2), to provide fair notice of claims against defendants, and to demonstrate plaintiff is entitled to relief as to each defendant. The complaint fails to set forth specific acts, omissions or wrongs by defendants. The complaint fails to allege with any degree of particularity specific overt acts of defendants and in turn, resulting damages from defendants' overt acts. The complaint fails to seek specific relief which this Court is able to award. The complaint makes vague references to "batons" and fails to distinguish whether plaintiff was subject to batons or witnessed use of batons on another. Because the complaint fails to satisfy F.R.Civ.P. 8(a)(2) requirements, it must be dismissed.

### The Complaint's Section 1983 Deficiencies

The Civil Rights Act, under which this action was filed, provides:

> Every person who, under the color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

42 U.S.C. § 1983.

To state a section 1983 claim, a plaintiff must plead that: (1) defendants acted under color of state law at the time the complained of act was committed; and (2) defendants deprived plaintiff of rights,

privileges or immunities secured by the Constitution or laws of the United States. *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir. 1986). The complaint fails to state colorable claims (or any claims for that matter) against defendants in that it makes vague allegations as to arrest and baton use. The complaint articulates no deprivation of a right, privilege or immunity secured by the Constitution or laws of the United States.

Section 1983 requires that there be an actual connection or link between the actions of defendant and deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "[a] person 'subjects' another to deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The complaint fails to satisfy the linking requirement as to defendants and to articulate how defendants deprived plaintiff of constitutional rights and resulting harm. This Court advises plaintiff of the specific need to satisfy the linking requirement.

**Malice**

This Court is concerned that plaintiff has brought this action in absence of good faith and attempts to take advantage of cost-free filing to vex defendants. Such attempt provides further grounds to dismiss plaintiff's complaint.

**Attempt At Amendment**

Plaintiff is granted an opportunity to attempt to amend his complaint to cure deficiencies. Plaintiff is further admonished that this Court's Local Rule 15-220 requires an amended complaint to be complete in itself without reference to a prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleadings serves no further function. Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES plaintiff's complaint and GRANTS plaintiff leave to amend;

5

1     2.      ORDERS plaintiff, no later than May 26, 2006, to file an amended complaint; and

2     3.      **Admonishes plaintiff that failure to file an amended complaint in compliance with this order will result in a recommendation to dismiss this action for failure to obey a court order**.

IT IS SO ORDERED.

**Dated:**    **April 21, 2006**            /s/ Lawrence J. O'Neill
66h44d                                                 UNITED STATES MAGISTRATE JUDGE