1  Mauro Alejandro, III. #1684542
2  Kern County Lerdo Facilities
3  17695 Industrial Farm Rd.
4  Bakersfield California, 93308
5  Plaintiff In Pro Se

RECEIVED MAY 18 2006 CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA BY ___ DEPUTY CLERK

FILED MAY 18 2006 CLERK, U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA BY ___ DEPUTY CLERK

7   In THE UNITED STATES DISTRICT COURT
8   FOR THE EASTERN District OF CALIFORNIA

10  MAURO ALEJANDRO, III
11        PLAINTIFF,
12        VS.
13  JASON WILLIAMSON #876, et al.,
14        Defendants

CASE NO. CV F 06-0449 OWW LJO

"PLAINTIFF'S Amended Complaint"

17         I. STATEMENT OF THE CASE
18  Plaintiff Proceeding Pro Se in the above entitled matter humbly,
19  Request that this court not hold him in compliance with technical
20  of pleading drafted Lawyers. SEE HAINES v. KERNER, 404 U.S. 519
21  92 S.CT. 594, which states, pro se complaints be held to less stringent
22  standards than those prepared by Counsel.

24  Comes Now, Mauro Alejandro, III. hereby Files this First Amended
25  Complaint in Accordance with Federal Rules of Civil Procedure Rule 15(a)
26  to cure deficiencies contained within Plaintiff Original complaint.
27  Plaintiff Filed A civil Right complaint pursuant to 42 U.S.C. § 1983

28         1 OF 11

1. on or about April 12, 2006. On April 21, 2006 this Court issued
2. An order dismissing the complaint with Leave to Amend. An
3. Order, to File an Amended complaint no Later than May 26, 2006.

## II. Jurisdiction

5. This case is brought pursuant to 42 U.S.C. § 1983, to redress the
6. deprivation under color of state Law, Rights secured by the
7. Constitution of the United States. Jurisdiction is based in
8. accordance with 28 U.S.C. § 636. Plaintiff seeks declaratory
9. relief pursuant to F.R.Civ.P. 8 And 28 U.S.C. § 1915. The unlawful
10. Acts and practices Alleged occurred within this Judicial
11. district. Plaintiff And Defendants Reside And/or employed
12. within this district.

## III. PARTIES

14. Plaintiff MAURO ALEJANDRO, III., is and was At All Times
15. mentioned herein, A citizen And Resident of KERN County,
16. CALIFORNIA.
17. Defendant(s) JASON WILLIAMSON #876 And AARON STRINGER
18. #973, is and at All times mentioned herein, A citizen and ARE
19. Police Officer(s) of the Bakersfield police Department,
20. of Bakersfield, CALIFORNIA.
21. Defendant(s) Ashe #16947 And, FALLAS #14770, is And At
22. All Times mentioned herein, A citizen and ARE Highway
23. Patrol Officer(s) of the California Highway patrol
24. Department, of Kern County, CALIFORNIA.

## IV. FACTUAL SUMMARY

I Mauro Alejandro III, who is plaintiff in the Case No. CV F 06-0449 OWW LJO And herein Amended Complaint, declare the following facts to be true and consistent with the Bakersfield Police Report # GO 2005-227787 Filed by Defendant Jason Williamson #876, And preliminary transcript # BF 112639 given testimony under Oath and declared to be true by Defendant Jason Williamson #876.

I Mauro Alejandro III, was an allege suspect to An Allege Crime committed on November 20, 2005 At 3:30 A.M. on the 7600 block of Olive dr. Bakersfield, California.

Defendant Williamson, while acting under color of LAW, in full uniform of the Bakersfield police Department confronted plaintiff in An Alley, Screaming "To get down on the ground", 20 feet away with a Firearm displayed, and at A Ready position. No Attempts to Identify himself or were there any Indications of Authority And/or LAW.

Plaintiff startled with fear did not want to get shot and Immediately placed his body visibly flat on the floor in Spread Eagle Fashion, a simple act of a clear emotion of fear. Defendant Williamson then walked up to plaintiff, Holstered his Firearm, displayed his collapsible baton And Stated "How dare you try to Ram me" Followed by blows from his collapsible baton as he excessively struck me.

Plaintiff dazed and blinded with fear simply pleaded for mercy. Plaintiff's plead for mercy quickly became noises of pain as Defendants Ashe #16947 And

1. FAllAS # 14770 while acting under color of LAW, in full
2. uniform(s) of the CALIFORNIA Highway Patrol Department,
3. exerted no other Actions but quickly participated
4. Simultaneously with their collapsible baton(s), strike plaintiff
5. excessively. AT which point Defendant Stringer #973 while
6. acting under color of LAW, in full uniform of the
7. Bakersfield police department and Defendant Williamson
8. assigned partner, as well did also Arrive and simultan-
9. eously exerted no other options but quickly participated
10. in striking plaintiff with his collapsible baton excessively.
11. InWhich Immediate Medical Aid was summoned to stablize
12. plaintiff for Immediate transportation to Kern Medical Center,
13. Emergency Room.
14. Plaintiff received "pain management Narcotics" Deemed
15. necessary by Hospital staff, Received Surgery, had
16. numerous Fractures And placed in a wheelchair for the
17. First two weeks of Rehabilitation. To this day it Remains
18. unclear As to how the plaintiff was even Identified As to
19. name and/or Address for plaintiff did not have any
20. available Identification on his person.
21.                    V. STATEd FACTS
22.     In Bakersfield Police Report # GO 2005-227787
23. I dont wish to deceive the court, these Following FActs
24. are only mere statements in the Listed report, in its
25. entirely. own meaning.
26. 1.) Officer Stringer communicated via Radio that they were
27.     In pursuit.
28.                       4 OF 11

2.) Officer Stringer communicated via Radio that an attempted Assault was committed by the suspect attempting to Ram them. Which then led to a created distance between Cars.

3.) Officer Stringer engaged himself in a Foot pursuit.

4.) Plaintiff was First confronted by Defendant Williamson 20 Feet Away, Firearm displayed and in a Ready position, then ordered plaintiff to the ground.

5.) Then Defendant gives his Reasons as to why he struck plaintiff (4) Times with his baton.

6.) Followed by, why Defendant Ashe and Fallas simultaneously struck plaintiff with their collapsible baton(s) when they arrived a total of (3) Times.

7.) Followed by, how Defendant Stringer simultaneously caught up, and why he struck plaintiff with his collapsible baton a total of (4) Times.

8.) Only then does it state how Defendant Fallas Attempted to Facilitate handcuffing.

9.) Medical Aid was summoned for plaintiff Immediately, And within a couple of moments, Hall Ambulance personnel were on scene to render Immediate medical Aid And Transported to Kern Medical Center for treatment of his Injuries.

10.) 35mm photographs were taken of plaintiffs Injuries sustained during his (alleged) Fight with police.

11.) Plaintiff was given "pain management Narcotics" Deemed necessary by hospital staff.

## VI. FACTS under OATH

Preliminary Transcript BF 112639

The Following Are Facts Already Testified to be True.

1.) Defendant Williamson, describes the Attempted assault on an officer, to be personally Fairly Scary.

2.) Defendant Williamson describes how he First contacted plaintiff, 20 Feet Away, Firearm displayed and was screaming for him "to get down on the ground."

3.) Defendant Williamson testified that plaintiff started to get down.

4.) Defendant Williamson testified he placed his Firearm back into his holster.

5.) Defendant Williamson testified that plaintiff was on the ground when he then started hitting plaintiff with his baton.

6.) Defendant Williamson testified that Seconds Later two CHP officer(s) came to assist cause he knew that his supervisor had requested assistance of other Agencies.

7.) Then testified that Defendant Stringer ended up catching up during his physical confrontation with plaintiff.

8.) Defendant Williamson testified that when plaintiff was on the ground, and he was striking plaintiff with his baton, the maximum number of officers on him while plaintiff was on the ground, was Four, And At one point they all had their batons out and struck plaintiff with their batons.

6 oF 11

9.) Defendant Williamson testified as well to the following facts to be true.
  a.) Plaintiff never once made contact or striked any officer(s) or anyone.
  b) No officer(s) sustained any injury at all in the alleged altercation that night.
  c.) Plaintiff appeared to sustain injuries due to the allege altercation.
  d.) Plaintiff was bleeding and making noises that indicated he was in pain.
10.) Someone from medical aid came immediately for the injuries that plaintiff sustained during the confrontation.
11.) A doctor from the hospital did inform Defendant Williamson that plaintiff did have a broken hand and elbow.

I think its evident for your honor to know that in the submitted police report only Defendant Williamson provides his statements and narrative view.

## VII. PLAINTIFF'S CLAIM

I mauro ALejandro III., Feel that my Life And/or Liberty was violated, Eight Amendment And Fourteeth Amendment Violated by All Officer(s) Stated herein complaint.

Due process guarantees An Arrest without, Negligent investigation, AssauLt And battery And/or Excessive Force in Making Arrest. Inculpatory And/or Exculpatory, And Any FAiLure of the police to properly preserve All Evidence And/or statements of Any And Everybody At the scene coming And/or going of the investigation And/or Alleged crime And/or misconduct of Officer(s) And/or Service personnel. Under the provision of California, state, Federal, statues of the constitution, And/or California penal code, but not Limited to policy And/or procedures; subsection 4.§ word and phrases. I Feel my Life And/or Liberty is being Violated. As well As policy and/or procedures And/or California penal code, by thee Officer(s) stated herein complaint, subsequently conflict of Interest is warranted. Furthermore, Officer(s) stated herein complaint, Malicious Harm show clause of Intent, to cause Misconduct after dispatched Officer(s) via Radio, to Aid Officer, to a Distress call via Airwave, And/or Broadcast, After Responding to distress call, And Aid to specific Beat And/or Officer(s). Defendant Williamson did Feel it necessary to unholster his Firearm And at a Ready position 20 Feet Away, but did not secure the Alleged Suspect by policy And/or procedure, subsequently waiting For back up before walking up on the suspect to make sure

1 the alleged suspect wont run or for officer(s) safety. To
2 threaten and/or use training tactics, by talking with loud
3 command(s), and/or not approach the suspect to keep him
4 worried of being shot, and/or so the suspect don't sustain
5 any abuse, assault, and/or battery, excessive force,
6 unecessary force, under the Due process, and/or policy and/or
7 procedures. Or subject the suspect to violations of his civil
8 rights. Instead Defendant Williamson felt he had the power
9 under color of law to judge and administer cruel and
10 unusual punishment. Which resulted to plaintiff having
11 Immediate medical aid, surgery, numerous fractures,
12 pain, suffering and Rehabilitation by violating plaintiff
13 eight and fourteeth Amendment civil rights. Defendant(s)
14 Stringer, Ashe, and Fallas participated in Defendant
15 Williamson's actions and didn't even attemp to perform
16 any Legally required act so plaintiff wasn't deprived rights
17 secured by the constitution or laws of the United States.
18 In this case intervene for the safety of the Allege
19 suspect, and/or suspect's civil rights. How is one Individual
20 160 pounds, 5 feet 5 deemed necessary to be countered
21 with such force, four officer(s) excessively striking
22 plaintiff simultanelously with baton(s). Why did Defendant
23 Stringer find it necessary to strike plaintiff (4) times
24 with a baton after Defendant(s) Williamson, Ashe, Fallas
25 already use of force. Maybe they were motivated by the
26 distress call of the Attempted Assault on an officer
27 that was alleged, or motivated by Defendant Williamson,
28                          9 of 11

who does have a history of misconduct. In scrutinizing the instant facts and applying the law to it, the defendant(s) use of excessive force and resulted injuries is clearly malicious and sadistic to encompass the violation of the eight Amendment. The defendant(s) made no attempts to ascertain the extent of the force used. And it is not even clear as to who summoned immediate medical aid.

### VIII. Request for Relief

Where to fore, plaintiff respectfully prays for the following relief,

1.) A declaratory judgement that defendant(s) wrongful acts and practices as describe herein violated plaintiff's rights as herein stated.

2.) Grant judgement that claimant is entitled to offer evidence to support claims.

3.) For the court to request an attorney to represent plaintiff who is unable to afford counsel and is untrained in the practice of law. pursuant to 28 § 1915 (e)(1) of the Federal Rules of Civil procedure. 28 U.S.C. § 1915 (e)(1)

4.) Trial by jury regarding the specific factual allegations that gave rise to the instant complaint.

5.) For monetary relief from each seperate defendant and as follows, $25,000.00 for and future medical costs, $25,000.00 for emotional distress, pain and suffering. $100,000.00 in punitive damages.

6.) For any further relief that the court deems just & proper

## VIIII. Verification

I have read the foregoing complaint and hereby verify that the matters alleged herein are true, I believe them to be true and correct. I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted
Mauro Alejandro, III.

DATE: MAY 12, 2006

*Mauro Alejandro*
PLAINTIFF In Pro SE

11 OF 11