**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURO ALEJANDRO, III,<br><br>    Plaintiff,<br><br>    vs.<br><br>JASON WILLIAMSON #876, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. CV F 06-0449 OWW LJO<br><br>**ORDER ON PLAINTIFF'S MOTION TO ADD SUPPLEMENTAL PLEADINGS**<br>(Doc. 10.) |

**INTRODUCTION**

Plaintiff Maurao Alejandro, III ("plaintiff") is a state prisoner and proceeds pro se in this action. Plaintiff's amended complaint, filed May 18, 2006, is pending before this Court. This Court's May 23, 2006 order concluded that service of the amended complaint is appropriate for defendant Bakersfield Police Officers Jason Williamson #876 and Aaron Stringer #973 and defendant California Highway Patrol Officers Ashe #16947 and Fallas #14770 and directed plaintiff to submit papers for service of the amended complaint.

On May 31, 2006, plaintiff filed his "Notice of Motion and Motion Request Leave to Add Supplemental Pleadings" and "Supplemental Pleadings." This Court construes the papers as plaintiff's motion to amend his amended complaint to add a claim that defendant Bakersfield Police Officer Jason Williamson ("Officer Williamson") wrongfully prepared a police report in connection with plaintiff's arrest.

1

**DISCUSSION**

F.R.Civ.P. 15(a) provides that under the circumstances here, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although plaintiff cites to F.R.Civ.P. 15(d) regarding supplemental pleadings, it does not apply in that F.R.Civ.P. 15(d) allows "the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir.), *cert. denied*, 459 U.S. 825, 103 S.Ct. 57 (1982). "The purpose of a supplemental pleading is to bring a controversy up to date." *Four Seasons Solar Products Corp. v. Sun System Prefabricated Solar Greenhouses, Inc.*, 101 F.R.D. 292, 294 (E.D.N.Y. 1983). Plaintiff's papers refer to matters arising before the filing of this action to render F.R.Civ.P. 15(d) inapplicable.

Granting or denial of leave to amend rests in the trial court's sound discretion and will be reversed only for abuse of discretion. *Swanson v. United States Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996). The United States Supreme Court has addressed factors to consider:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

The Ninth Circuit Court of Appeals has enumerated factors to consider on a motion to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District,* 743 F.2d 1310, 1319 (9th Cir. 1984).

A motion to amend "is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982); *DCD Programs, LTD v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Denial of leave to file an amended complaint is appropriate where an amendment is futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A "proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). An amendment is futile when it lacks legal foundation.

1  *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992), *cert. denied*, 509 U.S. 903, 113 S.Ct. 2993 (1993); *Johnson v. District 2 Marine Engineers Beneficial Assoc.*, 857 F.2d 514, 518 (9th Cir. 1988). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Saul*, 928 F.2d at 843.

Plaintiff's papers fail to state a cognizable claim and lack legal foundation. A court need not accept as true factual allegations in in forma pauperis complaints and may reject "completely baseless" allegations, including those which are "fanciful," "fantastic" or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992). Plaintiff's papers set forth no facts to constitute a valid and sufficient claim. If accepted, plaintiff's papers would be subject to this Court's sua sponte dismissal.

Moreover, this Court questions the motive of plaintiff's papers in that they appear intend to vex Officer Williamson. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is found most commonly in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss a case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). Plaintiff's papers are tainted with bad faith to bolster denial of plaintiff's request.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES plaintiff's request to amend or supplement his amended complaint.

IT IS SO ORDERED.

**Dated:   June 6, 2006**                              /s/ Lawrence J. O'Neill
66h44d                                                        UNITED STATES MAGISTRATE JUDGE