IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO ALEJANDRO, III,<br><br>Plaintiff,<br><br>vs.<br><br>JASON WILLIAMSON #876, et al.,<br><br>Defendant. | No. CV-F-06-449 OWW/LJO<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND (Docs. 17 & 24) |

    Plaintiff Mauro Alejandro, III, a state prisoner proceeding *in pro per*, has filed an Amended Complaint. Defendants are Bakersfield Police Department Officers Jason Williamson #876 and Aaron Springer #973 and California Highway Patrol Officers Matt Ashe #16947 and Dan Fallas #14770.

    The Complaint alleges that Plaintiff was a suspect to a crime committed in Bakersfield on November 20, 2005; that Defendant Williamson, while acting under color of law and in a Bakersfield Police Department uniform, confronted Plaintiff in an

1

1  alley from 20 feet away, with his firearm drawn, ordering
2  Plaintiff to get down; that Plaintiff immediately got down on the
3  ground; that Williamson holstered his firearm, displayed his
4  collapsible baton, stated "How dare you ram me", and struck
5  Plaintiff with the baton; that plaintiff pleaded for mercy; that
6  Defendants Ashe and Fallas, acting under color of law and in
7  California Highway Patrol uniforms, also began striking Plaintiff
8  with their collapsible batons; that Defendant Stringer, acting
9  under color of law and in Bakersfield Police Department uniform,
10 arrived and also began striking Plaintiff with his baton,
11 resulting in numerous fractures, requiring surgery; that, "[t]o
12 this day it remains unclear as to how the plaintiff was even
13 identified as to name and address for plaintiff did not have any
14 available identification on his person".  The Complaint alleges
15 that the officers violated Plaintiff's rights under the Eighth
16 and Fourteenth Amendments guaranteeing "an arrest without,
17 negligent investigation, assault and battery and/or excessive
18 force in making arrest".  The Complaint further alleges
19 "[i]nculpatory and/or exculpatory, and any failure to the police
20 to properly preserve all evidence and/or statements of any and
21 everybody at the scene coming and/or going of the investigation
22 and/or alleged crime and/or misconduct of officer(s) and/or
23 service personnel".
24      All defendants move to dismiss the Amended Complaint
25 pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for
26 failure to state a claim upon which relief can be granted.

**A.  Governing Standards**.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe a pro se plaintiff's pleadings liberally in determining whether a claim has been stated. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003). Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v.*

3

1  *Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)  When ruling
2  on a motion to dismiss, the court may consider the facts alleged
3  in the complaint, documents attached to the complaint, documents
4  relied upon but not attached to the complaint when authenticity
5  is not contested, and matters of which the court takes judicial
6  notice.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-706 (9th
7  Cir.1988).

    **B.  Eighth Amendment Claim**.

        Because the Eighth Amendment's prohibition against cruel and
unusual punishment applies only after conviction and sentence
Graham v. Connor, 490 U.S. 386, 393 & n.6 (1989), and because
Plaintiff failed to allege that he was a convicted prisoner at
the time of the alleged excessive force, the Complaint fails to
allege a cognizable Eighth Amendment claim and should be
dismissed with prejudice.

        "[E]xcessive force claims arising before or during arrest
are to be analyzed exclusively under the fourth amendment's
reasonableness standard rather than the due process standard
...."  Reed v. Hoyt, 909 F.2d 324, 329 (9th Cir. 1989), cert.
denied, 501 U.S. 1250 (1991).

        Therefore, dismissal of the claim of excessive force in
violation of the Eighth and Fourteenth Amendments is appropriate.
Dismissal is GRANTED with leave to amend to allege a claim for
excessive force in violation of the Fourth Amendment.

    **C.  Negligent Investigation in Violation of Fourteenth Amendment**.

1  To the extent that the Amended Complaint may be construed to
2 allege a claim for negligent investigation in violation of the
3 Due Process Clause of the Fourteenth Amendment, Defendants move
4 for dismissal that "the Constitution does not guarantee due care
5 on the part of state officials; liability for negligently
6 inflicted harm is categorically beneath the threshold of
7 constitutional due process."  *County of Sacramento v. Lewis*, 523
8 U.S. 833, 849 (1998).

9  Plaintiff responds that defendants' motions "points out
10 negligent investigation but fails to recognize the misconduct and
11 the attempts to mask that misconduct that is alleged in
12 Plaintiff's complaint."

13  Plaintiff's response merely begs the question.  In order to
14 be actionable under the Due Process Clause of the Fourteenth
15 Amendment, Plaintiff must allege facts from which it may be
16 inferred that defendants' "intended to injure in some way
17 unjustifiable by any government interest", *Lewis*, *id.,* citing
18 *Daniels v. Williams,* 474 U.S. 327, 331 (1986)("Historically, this
19 guarantee of due process has been applied to *deliberate* decisions
20 of government officials to deprive a person of life, liberty, or
21 property").  Even construing the Amended Complaint liberally, the
22 allegations concerning the police investigation leading to or
23 following Plaintiff's arrest do not satisfy this standard.
24 Therefore, dismissal of this claim is GRANTED with leave to
25 amend.

26  **D.  Failure to Allege Compliance with California Tort Claims**

5

**Act**.

To the extent the Amended Complaint alleges state law torts, defendants move for dismissal because the Amended Complaint fails to allege compliance with the claim requirements of the California Tort Claims Act.

*State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234 (2004) holds that a failure to plead facts demonstrating or excusing compliance with the claim presentation requirement of the California Tort Claims Act negates the statement of a claim for relief.

In opposing the motions, Plaintiff submits a copy of the denial of his claim by the City of Bakersfield and a copy of the claim filed by Plaintiff with the State Board of Control.

Because it appears that Plaintiff can amend to allege facts demonstrating or excusing compliance with the claim presentation requirement, the state law tort causes of action are DISMISSED with leave to amend.

ACCORDINGLY, as set forth above:

1. Defendants' motions to dismiss are GRANTED WITH LEAVE TO AMEND.

2. Plaintiff shall file a Second Amended Complaint in accordance with the rulings herein within 20 days of the filing date of this Order.

IT IS SO ORDERED.

**Dated:   December 5, 2006**            /s/ Oliver W. Wanger
668554                                    UNITED STATES DISTRICT JUDGE