**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURO ALEJANDRO III, | CASE NO. CV F 06-0449 OWW LJO |
| Plaintiff, | **ORDER TO DENY FURTHER REQUEST FOR COUNSEL** |
| vs. | (Doc. 26.) |
| JASON WILLIAMSON #876, et al., | |
| Defendants. / | |

Plaintiff Mauro Alejandro III ("plaintiff") is incarcerated and proceeds pro se in this action under 42 U.S.C. § 1983. This Court's October 2, 2006 order denied plaintiff's original request for appointment of counsel. On February 12, 2007, plaintiff filed his second request for appointment of counsel.

A plaintiff has no constitutional or statutory right to appointment of counsel in a civil action. *See Ray v. Robinson*, 640 F.2d 474, 477 (3rd Cir. 1981) (citing *Peterson v. Nadler*, 452 U.S. F.2d 754, 757 (8th Cir.1971)); *see also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814 (1989). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in civil rights cases under 42 U.S.C. § 1983. *See Mallard*, 490 U.S. 296, 109 S.Ct. 1814. Only under exceptional circumstances may a district court appoint counsel to represent an indigent civil litigant. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an "evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in

1 light of the complexity of the legal issues involved." *See Wilborn*, 789 F.2d at 1331 (citations and internal quotation marks omitted). To obtain counsel under 28 U.S.C. § 1915, the moving party must make a threshold showing that he sought counsel, has been unable to obtain it, and the claim is not frivolous. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2nd Cir. 1986). A court has authority to appoint counsel when it is necessary to avoid fundamental unfairness. *See Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981).

In the present case, this Court does not find the required exceptional circumstances. This Court dismissed plaintiff's original complaint based on its pleading deficiencies and failure to state a claim upon which relief may be granted. This Court dismissed plaintiff's first amended complaint with leave to amend. Even assuming that plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional and is similar to hundreds of other actions filed by disgruntled prisoners. Plaintiff fails to demonstrate an attempt and inability to obtain counsel. Failure to appoint counsel will not result in "fundamental unfairness" based on the questionable merit of plaintiff's claims and apparent attempts to vex law enforcement. Plaintiff has failed to substantiate the criteria for appointment of counsel.

Accordingly, this Court DENIES plaintiff's further request for appointment of counsel. If plaintiff desires no longer to pursue this action, this Court DIRECTS plaintiff to so inform the Court and defendants in writing, and this Court will dismiss this action.

IT IS SO ORDERED.

**Dated:   February 14, 2007**                    **/s/ Lawrence J. O'Neill**
66h44d                                              UNITED STATES DISTRICT JUDGE