IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO ALEJANDRO, III,<br><br>    Plaintiff,<br><br>   v.<br><br>JASON WILLIAMSON,<br>Bakersfield Police Officer #876, et al.,<br><br>    Defendants.<br>_____/ | Case No. 06-cv-0449 OWW NEW (TAG)<br><br>ORDER DENYING REQUEST TO<br>COMPEL NONPARTIES TO<br>PRODUCE DOCUMENTS<br>(Doc. 47)<br><br>ORDER DIRECTING THE CLERK<br>TO SEND PLAINTIFF TWO SIGNED,<br>BLANK FORMS FOR THE ISSUANCE<br>OF A SUBPOENA DUCES TECUM,<br>PURSUANT TO FED.R.CIV.P. 45(a)(3) |

   Mauro Alejandro III ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in the instant civil rights action, 42 U.S.C. § 1983. (Docs. 1, 5, 40). On March 15, 2007, Plaintiff filed a motion seeking this Court's assistance to obtain the records from his state felony trial proceedings before the Kern County Superior Court ("state court"), which Plaintiff purportedly needs to pursue this federal case. (Doc. 47). Plaintiff provides evidence that, when he requested the records from the state court, he was advised to contact his state-court defense counsel. (Id. at 5). According to Plaintiff, his numerous letters and telephone calls to his former attorney have proved unavailing. (Id. at 2). Plaintiff, therefore, moves this Court to order attorney Gael Mueller and/or the state court to comply with the document request included in his motion. (Id. at 2-3).

   This Court lacks jurisdiction to order or compel a nonparty to produce documents in a pending lawsuit unless the nonparty has been served with a valid Rule 45 subpoena duces tecum. See Fed.R.Civ.P. 45; American Maplan Corp. v. Heilmayr, 203 F.R.D. 499, 502 (D.Kan. 2001); Allen v. Howmedical Leibinger, GmhH, 190 F.R.D. 518 (W.D. Tenn. 1999); Echostar Comm. Corp. v. News Corp., Ltd. 180 F.R.D. 391 (D.Colo. 1998); Judicial Watch, Inc. v. U.S. Dept. of

1

1  Commerce, 34 F.Supp.2d 47 (D.D.C. 1998).  Under Rule 45, upon request, a party may obtain from
2  the clerk of the court a signed, blank subpoena duces tecum to complete for service on a nonparty,
3  requesting that the nonparty produce or permit the inspection and copying of documents and things.
4  Fed.R.Civ.P. 45(a)(1), (2), (3).  Upon proper service, the nonparty has a duty to comply or otherwise
5  respond to the subpoena, and failure to do so may result in the nonparty being held in contempt of
6  court.  Fed.R.Civ.P. 45(c), (d), (e); Local Rule 45-250.

7　　　Because neither the state court nor Plaintiff's prior attorney are parties to this instant action,
8  this Court does not have authority to order them to produce documents or comply with Plaintiff's
9  document request.  To obtain this Court's assistance, Plaintiff must complete and properly serve the
10 nonparties with Court issued and signed subpoena forms.

11　　　Based on the foregoing, IT IS HEREBY ORDERED:

12　　　1.  Plaintiff Mauro Alejandro III's Request for a Court Order, (Doc. 47), is DENIED;

13　　　2.  The Clerk of the Court is DIRECTED to mail Plaintiff two Court issued, signed, blank
14 Subpoena Duces Tecum forms, pursuant to Fed.R.Civ.P. 45(a)(3).

15　　　3.  Plaintiff is ADVISED to review and comply with the applicable Federal Rules of Civil
16 Procedure and Local Rules before completing and perfecting service of the enclosed forms.

17

18 IT IS SO ORDERED.

19 Dated:   **June 14, 2007**                           **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE

2