UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAURO ALEJANDRO, | ) | 1:06-CV-00449-OWW-GSA |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION FOR |
| v. | ) | APPOINTMENT OF COUNSEL |
| | ) | (DOCUMENT # 56) |
| JASON WILLIAMSON #876, et al., | ) | |
| Defendants. | ) | |

Plaintiff is proceeding in forma pauperis and has requested the appointment of counsel for the third time. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent persons in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). Only under exceptional circumstances may a district court appoint counsel to represent an indigent civil litigant. See, Wilborn v. Escalderon, 789 F. 2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1). A finding of exceptional circumstances requires an "evaluation of both the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See, Wilborn, 789 F. 2d 1331. Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. The court has denied plaintiff's motion for counsel two times. Plaintiff is now requesting that the court reconsider those decisions. In support of his motion, plaintiff asks that the court consider a psychiatric medication prescription indicating that Plaintiff has been prescribed Bupropion-XL, Quetiapine, and Sertraline.

The court has considered Plaintiff's motion and attached documentation. However, the court still does not find the required exceptional circumstances which would warrant reversal of the court's previous orders. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied.

In accordance with the above, plaintiff's request for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 13, 2007**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

2